(80 South. 241)

No. 21728.

AUBREY v. GUILLAUMIN et al.

(Dec. 7, 1918.)

*(Syllabus by Editorial Staff.)*

1. COURTS &wreath;224(10) — LOUISIANA SUPREME COURT—JURISDICTION—AMOUNT.

In suit by trustee in bankruptcy against bankrupt and his son to set aside bankrupt's alleged simulated sale to his son, where record showed property in dispute to have been valued at less than $2,000, the Supreme Court had no jurisdiction over that issue, as value of property is test of jurisdiction in an action "en declaration de simulation."

2. COURTS &wreath;224(11) — LOUISIANA SUPREME COURT—JURISDICTION—AMOUNT.

In suit by trustee in bankruptcy to set aside bankrupt's sale to his son as being in fraud of creditors, with alternative demand for annulment of the sale, the Supreme Court's jurisdiction was fixed by the amount of creditors' claims, and where they amounted to less than $2,000 it was without jurisdiction.

3. HOMESTEAD &wreath;182—EXEMPTION—PURPOSE.

The only purpose for which a homestead exemption may be allowed and recognized is to protect the property from actual seizure and sale, so that the power to enforce homestead exemptions must necessarily be coextensive with the power to control such seizure and sale.

4. BANKRUPTCY &wreath;390—EXEMPTION CLAIM—JURISDICTION.

Where a United States court having jurisdiction was about to sell a bankrupt's property for the benefit of creditors, the state courts, having jurisdiction of homestead exemption under the Constitution, would not recognize the property as exempt from seizure and sale, as they could not enforce their decree or interfere with federal court's jurisdiction.

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Suit by E. J. Aubrey, trustee in bankruptcy of Raoul E. Guillaumin, against R. E. Guillaumin and another. Judgment for plaintiff, defendants' motion for new trial overruled, and an appeal to the Supreme Court granted. Appeal transferred to the Court of Appeal, First District, for the Parish of Evangeline.

S. W. Gardiner, of Ville Platte, for appellants.

Covillon & Edwards, of Ville Platte, for appellee.

LECHE, J. Raoul E. Guillaumin was adjudged a bankrupt March 2, 1915, and on April 5, 1915, Ernest J. Aubrey was appointed his trustee in bankruptcy.

The present suit was filed May 29, 1915, by the trustee against the bankrupt R. E. Guillaumin and his son, E. E. Guillaumin, to have decreed null as simulated, and, if not simulated, null as in fraud of creditors, a sale by the bankrupt to his son, of certain described property and to have title to said property recognized as in the trustee in accordance with the bankruptcy laws of the United States.

After pleading various exceptions which were overruled or referred to the merits, each of the defendants answered, averring their good faith and the reality of the sale. R. E. Guillaumin further answered that he had continuously lived upon and occupied the property in dispute as a residence, though his son is in legal possession thereof, and in the alternative, and in the event the court should hold that he still owns said property, he then prayed that it be decreed to be his homestead and not subject to surrender in bankruptcy.

On October 20, 1915, after due trial, the district court rendered judgment in accordance with the prayer of plaintiff's petition and ignored the alternative demand of defendant R. E. Guillaumin praying to have the property recognized as his homestead.

On October 27, 1915, the district court overruled defendants' motion for a new trial and granted them an appeal to this court, which appeal was perfected as devolutive, and made returnable December 23, 1915,

A few days after the judgment of the district court was rendered, the bankrupt, R. E. Guillaumin, petitioned the United States bankruptcy court to permit him to amend the schedule which he had filed in his bankruptcy proceeding. In that petition he alleged that through error of fact and error of law he had omitted from said schedule the property here in contest, that said property was by judgment of the state district court decreed to belong to him; the sale thereof to his son being held null and simulated. He further alleged that he had continuously lived upon said property, had a wife and children dependent upon him for support, that his wife owned nothing, and that under the laws of this state said property was his homestead, was worth less than $2,000, and was exempt from surrender in bankruptcy. He then accordingly prayed for such orders and decrees as necessary in the premises. Upon that petition the judge of the United States District Court entered on November 10, 1915, an order referring the matters therein pleaded to the referee in bankruptcy for his consideration and action thereon.

### Opinion.

[1, 2] The record discloses that the property in dispute in this case, was estimated in the sale from R. E. Guillaumin to E. E. Guillaumin at $1,200 and is alleged by R. E. Guillaumin in his homestead demand to be worth less than $2,000, and, as the value of the property is the test of jurisdiction in an action "en declaration de simulation," this court has no jurisdiction over that issue. If we consider the alternative demand of the plaintiff, the annulment of the sale from R. E. Guillaumin on the ground that it was consummated in fraud of creditors, our jurisdiction is then fixed by the amount of the plaintiff creditors' claims, and, as the schedules in bankruptcy filed by the bankrupt only show an indebtedness of $1,918, we are also without jurisdiction over that question.

[3, 4] The only matter therefore over which we may have jurisdiction in the case is the alternative demand of R. E. Guillaumin to have the property in contest declared to be his homestead.

The Constitution of Louisiana gives the district court original jurisdiction and this court appellate jurisdiction over the subject-matter of homestead exemptions. The only purpose for which a homestead exemption may be claimed and recognized is to protect the property from actual seizure and sale. The power then to enforce homestead exemptions must of necessity be coextensive with

the power to control such seizure and sale. Where a United States court, lawfully vested with the power to take a person's property, is about to exercise such power and is about to sell the property for the benefit of that person's creditors in a bankruptcy proceeding, it would be a vain formality for a state court to recognize such property as exempt from seizure and sale under the homestead laws of the state, inasmuch as the state court would lack the power to enforce its decree or to control the action of the United States court.

R. E. Guillaumin in his alternative demand asks the state court to "decree the property in suit to be his homestead and not subject to administration by the trustee of his bankruptcy." Such a decree could not be executed by the state court, and no court should enter a decree which it cannot execute. It is then evident that the enforcement of R. E. Guillaumin's homestead exemption, if he should be entitled thereto, being beyond the executive power of the court, the demand for its recognition was improperly ingrafted in his answer to plaintiff's demand.

For these reasons, the appeal herein is transferred to the Court of Appeal, First Circuit, for the Parish of Evangeline; defendants to pay costs of the present appeal, other costs to abide final disposition of the suit.

O'NIELL, J., concurs in the decree.